FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 1 0 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA    :
                            :    CRIMINAL INDICTMENT
        v.                  :
                            :    NO. 1:09-CR-491
VIKTOR PLESHCHUK,           :
SERGEI TŠURIKOV,            :
HACKER 3,                   :
OLEG COVELIN,               :
IGOR GRUDIJEV,              :
RONALD TSOI,                :
EVELIN TSOI, and            :
MIHHAIL JEVGENOV,           :
                            :
        Defendants.         :

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Conspiracy to Commit Wire Fraud)

1.   From at least on or about November 4, 2008, through at least
on or about November 25, 2008, in the Northern District of Georgia
and elsewhere, the Defendants, VIKTOR PLESHCHUK, SERGEI TŠURIKOV,
HACKER 3, and OLEG COVELIN, together with others known and unknown
to the Grand Jury, did knowingly conspire to devise a scheme and
artifice to defraud, and to obtain money and property, by means of
material false and fraudulent pretenses, representations, and
promises, and for the purpose of executing such scheme and
artifice, and attempting to do so, to transmit and cause to be
transmitted, by means of wire communication in interstate and
foreign commerce, certain signs, signals, and sounds, that is, to

knowingly cause computer commands to be transmitted from outside of the United States to the computer network of RBS WorldPay in the Northern District of Georgia, and to knowingly conduct and cause to be conducted ATM withdrawals using fraudulently obtained prepaid payroll card numbers and PIN codes from ATM terminals outside of the State of Georgia that were processed on computers within the Northern District of Georgia, in violation of 18 U.S.C. § 1349.

BACKGROUND

2.  At all times relevant to this Indictment, unless otherwise indicated:

(a)  RBS WorldPay (RBSW) is headquartered in Atlanta, in the Northern District of Georgia. RBS WorldPay and RBS Citizens, N.A., are wholly owned subsidiaries of Citizens Financial Group (CFG), a bank holding company as defined in the Federal Deposit Insurance Act. Citizens Financial Group is owned by the Royal Bank of Scotland (RBS).

(b)  RBS WorldPay processes credit and debit card transactions on behalf of financial institutions. The transactions occur throughout the world and are processed by electronic means. RBS WorldPay's computer servers are located in the Northern District of Georgia.

(c)  One of the services offered by RBS WorldPay is the processing of prepaid payroll card transactions. Prepaid payroll

cards are debit cards funded through direct deposits from card holders' employers. Prepaid payroll cards allow employers to pay their employees through direct deposits to prepaid payroll card accounts, instead of using paychecks or direct deposits into employees' bank accounts. Cash may be withdrawn by presenting the prepaid payroll card to an automated teller machine and entering the card's PIN code. Prepaid payroll cards may also be used to purchase goods and services from participating merchants. Transactions associated with these cards are processed by RBS WorldPay on behalf of its client financial institutions. Information related to these transactions is maintained by RBS WorldPay on the company's computer network.

(d)  RBS WorldPay processes the transactions associated with prepaid debit cards issued by the following banks: RBS Citizens, N.A.; Palm Desert National Bank; The Bankcorp, Inc.; and First Bank of Delaware. Each of these issuing banks is federally insured.  In addition to being a federally insured financial institution, RBS Citizens, N.A., is a member bank of the Federal Reserve System.

<u>LEAD CONSPIRATORS</u>

3.  (a)  Defendant PLESHCHUK is a computer hacker who during the relevant time period resided in or around St. Petersburg, Russia. Based on Defendant TŠURIKOV's reconnaissance, Defendant PLESHCHUK manipulated the data on the RBS WorldPay computer network, with

support from Defendants TŠURIKOV, HACKER 3, COVELIN, and others. Defendant PLESHCHUK with the support of Defendant TŠURIKOV developed the method by which the conspirators reverse engineered Personal Identification Numbers (PINs) from the encrypted data on the RBS WorldPay computer network. Defendant PLESHCHUK, with assistance from Defendant TŠURIKOV, Defendant HACKER 3, and others, raised the limits on certain of the prepaid payroll cards. Defendant PLESHCHUK and Defendant TŠURIKOV accessed the RBS WorldPay computer network and observed the withdrawals taking place on the cards they fraudulently obtained and distributed, tracking the proceeds of the fraud. Overall, Defendant PLESHCHUK managed the activities on the RBS WorldPay computer database, including modification of withdrawal limits, locking the cards so that there could be no further withdrawals, and tracking the amounts withdrawn. With Defendant TŠURIKOV, Defendant PLESHCHUK deleted and attempted to delete information on the RBS WorldPay computer network.

(b)   Defendant TŠURIKOV is a computer hacker who during the relevant time period resided in or around Tallinn, Estonia. TŠURIKOV was responsible for reconnaissance of the RBS WorldPay computer network and for support of other hacking activity. Defendant TŠURIKOV was contacted by Defendant COVELIN regarding vulnerabilities in the RBS WorldPay computer network. Defendant TŠURIKOV shared this information with Defendant PLESHCHUK.

4

Defendant TŠURIKOV acted as liaison, connecting the hackers who found vulnerabilities on the computer network with Defendant PLESHCHUK, who could better exploit them. With Defendant PLESHCHUK, Defendant TŠURIKOV deleted and attempted to delete information on the RBS WorldPay computer network. Defendant TŠURIKOV also managed his own cashing group and provided fraudulently obtained card numbers and PIN codes to his group within Estonia. Defendant TŠURIKOV helped coordinate the receipt and distribution of proceeds.

(c)   Defendant HACKER 3 is a computer hacker who, in addition to his computer hacking activities in support of Defendants PLESHCHUK and TŠURIKOV, was responsible for managing the networks of cashers who used the fraudulently obtained payroll cards and PIN codes to obtain cash from ATMs on a coordinated time schedule. Defendant HACKER 3 distributed fraudulently obtained prepaid payroll cards and their respective PIN codes to casher networks around the world. Defendant HACKER 3 then managed the dividing of the proceeds and the distribution of cash from the cashers to other members of the scheme, including to Defendant PLESHCHUK, Defendant TŠURIKOV, and others.

(d)   Defendant COVELIN is a computer hacker who during the relevant time period resided in or around Chişinău, Moldova. Defendant COVELIN learned of the vulnerability in the RBS WorldPay computer network and provided the vulnerability (or "bug") to

Defendant TŠURIKOV so that it could be exploited for financial gain. Defendants PLESHCHUK, TŠURIKOV, and HACKER 3 provided Defendant COVELIN a prepaid payroll card account number and associated PIN code, and raised the available funds on that account so COVELIN could make substantial withdrawals. COVELIN then distributed the account number and PIN code he was provided to others to fraudulently withdraw funds.

MEANS AND MANNERS

4.    It was part of the conspiracy that:

(a)  Beginning on or about November 4, 2008, Defendants PLESHCHUK, TŠURIKOV, HACKER 3, and COVELIN, aided and abetted by each other and by others, gained unauthorized access from outside of the United States into the computer network of RBS WorldPay, located in the Northern District of Georgia. To gain unauthorized access, they used a vulnerability in the RBS WorldPay computer network that was provided to Defendant TŠURIKOV by Defendant COVELIN.

(b)  During the period of on or about November 4, 2008, through on or about November 8, 2008, Defendants PLESHCHUK, TŠURIKOV, and HACKER 3, obtained, without authorization, information from the RBS WorldPay computer network, including prepaid payroll card numbers and PIN codes.

(c)  Defendants PLESHCHUK, TŠURIKOV, HACKER 3, and others

distributed approximately 44 prepaid payroll card numbers and their respective PIN codes to networks of cashers. The lead cashers distributed the card numbers and PIN codes to individuals throughout the world, inside and outside of the United States. Of the 44 prepaid payroll card numbers distributed to the cashers, 42 of the numbers related to cards issued by Palm Desert National Bank.

(d)   On or before November 8, 2008, Defendants PLESHCHUK and TŠURIKOV, aided and abetted by others including Defendant HACKER 3, gained unauthorized access to the RBS WorldPay computer network and modified the data, raising the amount of funds available on the prepaid payroll card numbers they had fraudulently obtained and distributed. Also, Defendants PLESHCHUK and TŠURIKOV, aided and abetted by others including Defendant HACKER 3, raised the limits that could be withdrawn from automated teller machines on the prepaid payroll card numbers they had distributed.

(e)   On or about November 7, 2008, Defendants PLESHCHUK, TŠURIKOV, and HACKER 3 provided Defendant COVELIN with a payroll debit card account number and associated PIN code, and raised the available balance on that account number.

(f)   On or about November 8, 2008, Defendants PLESHCHUK, TŠURIKOV, HACKER 3, and COVELIN notified the cashers to whom they had distributed the fraudulently obtained payroll debit card numbers and PIN codes to begin withdrawing funds.

7

(g)   With the limits raised, in the next approximately twelve hours at over 2,100 ATM terminals located in at least 280 cities around the world, including in the United States, Russia, Ukraine, Estonia, Italy, Hong Kong, Japan, and Canada, accomplices used approximately 44 payroll debit cards to complete withdrawals worth over US$9 million.

(h)   While the accomplices withdrew the funds, Defendants PLESHCHUK and TŠURIKOV accessed the RBS WorldPay computer network without authorization and monitored the withdrawals.

(i)   After the withdrawals were completed, Defendants PLESHCHUK and TŠURIKOV sent computer commands from outside the United States to the RBS WorldPay computer network in the Northern District of Georgia, that destroyed data and attempted to destroy data on the RBS WorldPay computer network in an effort to, among other things, conceal their unauthorized access and fraud.

(j)   The cashers were permitted to retain a percentage of the funds they had obtained, typically between 30% and 50%. The cashers returned the balance of the funds to the hackers, including Defendants PLESHCHUK, TŠURIKOV, and HACKER 3, using means such as WebMoney accounts and Western Union.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH TEN
### (Wire Fraud)

5.     The allegations contained in paragraphs 2 through 4 are re-alleged and incorporated as if fully set forth in this paragraph.

6.     On or about the dates set forth below, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK and SERGEI TŠURIKOV, aided and abetted by each other, by Defendants HACKER 3 and OLEG COVELIN, and by others whose identities are currently known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid scheme and artifice, such scheme and artifice having been devised and intended to be devised to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the Defendant listed in the table below, aided and abetted by the other Defendants and by others, did knowingly cause the following computer commands to be transmitted from outside of the United States to the computer network of RBS WorldPay in the Northern District of Georgia:

| Count | Date | Defendant Sending Command | Computer Command (redacted) |
|---|---|---|---|
| 2 | Nov. 7, 2008 | PLESHCHUK | select top 100 * from xxxxLogs where xxxxLogID>2550000 AND xxxxPAN IN ('xxxxxxxxxxxx1627','xxxxxxxxxxxx6968','xxxxxxxxxxxx5341','xxxxxxxxxxxx6050','xxxxxxxxxxxx0336','xxxxxxxxxxxx7540','xxxxxxxxxxxx7662','xxxxxxxxxxxx4809','xxxxxxxxxxxx1905','xxxxxxxxxxxx6257','xxxxxxxxxxxx7597','xxxxxxxxxxxx7217','xxxxxxxxxxxx7399','xxxxxxxxxxxx5251','xxxxxxxxxxxx2861','xxxxxxxxxxxx9075','xxxxxxxxxxxx1597','xxxxxxxxxxxx8980','xxxxxxxxxxxx3926','xxxxxxxxxxxx3964','xxxxxxxxxxxx5798','xxxxxxxxxxxx5100','xxxxxxxxxxxx1041','xxxxxxxxxxxx1782','xxxxxxxxxxxx3364','xxxxxxxxxxxx0193','xxxxxxxxxxxx5010','xxxxxxxxxxxx2717','xxxxxxxxxxxx8076','xxxxxxxxxxxx1992') |
| 3 | Nov. 7, 2008 | PLESHCHUK | select top 100 * from xxxxxxxxxxxxTransaction where xxxxxxxxxxxxID>82300000 AND xxxxPAN IN ('xxxxxxxxxxxx1627','xxxxxxxxxxxx6968','xxxxxxxxxxxx5341','xxxxxxxxxxxx6050','xxxxxxxxxxxx0336','xxxxxxxxxxxx7540','xxxxxxxxxxxx7662','xxxxxxxxxxxx4809','xxxxxxxxxxxx1905','xxxxxxxxxxxx6257','xxxxxxxxxxxx7597','xxxxxxxxxxxx7217','xxxxxxxxxxxx7399','xxxxxxxxxxxx5251','xxxxxxxxxxxx2861','xxxxxxxxxxxx9075','xxxxxxxxxxxx1597','xxxxxxxxxxxx8980','xxxxxxxxxxxx3926','xxxxxxxxxxxx3964','xxxxxxxxxxxx5798','xxxxxxxxxxxx5100','xxxxxxxxxxxx1041','xxxxxxxxxxxx1782','xxxxxxxxxxxx3364','xxxxxxxxxxxx0193','xxxxxxxxxxxx5010','xxxxxxxxxxxx2717','xxxxxxxxxxxx8076','xxxxxxxxxxxx1992') |
| 4 | Nov. 7, 2008 | PLESHCHUK | UPDATE Card SET ATMxxxxxLimit=500000,POSxxxxxLimit=500000,ATMxxxxxxxxx=500000, ATMxxxxxLimit2=500000,POSxxxxxLimit2=500000,ATMxxxxxxxxx2=500000 where xxxxPAN IN ('xxxxxxxxxxxx1627') |

| | | | |
|---|---|---|---|
| 5 | Nov. 7, 2008 | PLESHCHUK | delete from xxxxLogs where xxxxLogID>2400000 and xxxxPAN in ('xxxxxxxxxxxx4809','xxxxxxxxxxxx3926','xxxxxxxxx xxx1041','xxxxxxxxxxxx5815','xxxxxxxxxxxx4912','x xxxxxxxxxxx9488','xxxxxxxxxxxx2840','xxxxxxxxxxxx 3890')<br><br>delete from xxxxxxxxxxxTransaction where xxxxxxxxxxxID>82000000 and xxxxPAN in ('xxxxxxxxxxxx4809','xxxxxxxxxxxx3926','xxxxxxxxx xxx1041','xxxxxxxxxxxx5815','xxxxxxxxxxxx4912','x xxxxxxxxxxx9488','xxxxxxxxxxxx2840','xxxxxxxxxxxx 3890')<br><br>UPDATE Card SET ATMxxxxxLimit=505,POSxxxxxLimit=505,ATMxxxxxxxxx= 505, ATMxxxxxLimit2=5000,POSxxxxxLimit2=5000,ATMxxxxxx xxx2=5000 where xxxxPAN in ('xxxxxxxxxxxx4809','xxxxxxxxxxxx3926','xxxxxxxxx xxx1041','xxxxxxxxxxxx5815','xxxxxxxxxxxx4912','x xxxxxxxxxxx9488','xxxxxxxxxxxx2840','xxxxxxxxxxxx 3890') |
| 6 | Nov. 7, 2008 | TŠURIKOV | select top 3 * from xxxxxxxxxxxTransaction where xxxxPAN='xxxxxxxxxxxx5024' and xxxxxxxxxxxDateTime > '11/01/2008' |
| 7 | Nov. 7, 2008 | TŠURIKOV | select  * from xxxxxxxxxxxTransaction where xxxxPAN='xxxxxxxxxxxx5024' and xxxxxxxxxxxDateTime > '11/01/2008' |
| 8 | Nov. 8, 2008 | TŠURIKOV | select xxxxxxxxxxxID,xxxxxxxxxxxDateTime,xxxxxxxxxAmount ,xxxxxxxxName,xxxxMerchxxxx,xxxxAddr,xxxxCity,xxx xState,xxxxZip,xxxxCounty  from xxxxxxxxxxxTransaction where xxxxPAN='xxxxxxxxxxxx0336' and xxxxxxxxxxxID>82300000 |
| 9 | Nov. 8, 2008 | TŠURIKOV | select xxxxxxxxxxxID,xxxxxxxxxxxDateTime,xxxxxxxxxAmount ,xxxxxxxxName,xxxxMerchxxxx,xxxxAddr,xxxxCity,xxx xState,xxxxZip,xxxxCounty  from xxxxxxxxxxxTransaction where xxxxPAN='xxxxxxxxxxxx0336' and xxxxxxxxxxxID>82300000 |
| 10 | Nov. 8, 2008 | TŠURIKOV | delete from xxxxLogs where xxxxxxxID>2400000 and xxxxPAN in  ('xxxxxxxxxxxx0336') |

All in violation 18 U.S.C. §§ 1343 and 2.

11

## COUNT ELEVEN
### (Conspiracy to Commit Computer Fraud)

7.    The allegations contained in paragraphs 2 through 4 are re-alleged and incorporated as if fully set forth in this paragraph.

8.    From in or about November 4, 2008 through at least in or about November 25, 2008, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK, SERGEI TŠURIKOV, HACKER 3, and OLEG COVELIN, together with others known and unknown to the Grand Jury, did knowingly and wilfully conspire to: (a) knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage and attempt to cause damage without authorization to a protected computer, causing loss aggregating at least $5,000 in value to at least one person during a one-year period from a related course of conduct affecting a protected computer, in violation of 18 U.S.C. §§ 1030 (a)(5)(A) and 1030(b); (b) intentionally access a computer without authorization, and thereby obtain information contained in a financial record of a financial institution, and of a card issuer as defined in 15 U.S.C. § 1602(n), and from a protected computer, and the offense being committed for purposes of commercial advantage and private financial gain, and in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States, specifically, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and wire fraud in violation of 18 U.S.C. § 1343, and

12

the value of the information obtained exceeding $5,000, in violation of 18 U.S.C. § 1030(a)(2); and (c) access a protected computer without authorization and by means of such conduct further the intended fraud and obtain value, specifically, prepaid payroll card numbers and PIN codes, and withdrawals from such prepaid payroll card accounts exceeding US$9 million, in violation of 18 U.S.C. § 1030(a)(4), all in violation of 18 U.S.C. § 371.

## OVERT ACTS

9. In furtherance of the conspiracy and to achieve the objects thereof, the conspirators committed the following various overt acts among others, in the Northern District of Georgia and elsewhere:

(a) Defendants PLESHCHUK and TŠURIKOV took the actions described in Counts Two through Ten, issuing computer commands from outside of the United States to the RBS WorldPay computer network in the Northern District of Georgia.

(b) On or about November 4, 2008, Defendant COVELIN provided Defendant TŠURIKOV with knowledge of a vulnerability on the RBS WorldPay computer network located in the Northern District of Georgia.

(c) On or about November 4, 2008, Defendant TŠURIKOV accessed without authorization the RBS WorldPay computer network located in the Northern District of Georgia.

13

(d)   On or about November 5, 2008, Defendants PLESHCHUK, TŠURIKOV, and COVELIN accessed without authorization the RBS WorldPay computer network located in the Northern District of Georgia.

(e)   On or about November 5, 2008, Defendant COVELIN provided Defendant PLESHCHUK login information, including a password, to obtain access to a computer server on the RBS WorldPay computer network, located in the Northern District of Georgia.

(f)   On or about November 7, 2008, Defendant PLESHCHUK obtained information from the RBS WorldPay computer network located in the Northern District of Georgia.

(g)   On or about November 7, 2008, Defendant PLESHCHUK modified information on the RBS WorldPay computer network located in the Northern District of Georgia.

(h)   On or about November 7, 2008, Defendant HACKER 3 transferred account numbers and PIN codes obtained from the RBS WorldPay computer network to casher networks for their subsequent use at ATMs.

(i)   On or about November 7, 2008 Defendant COVELIN received an account number and PIN code obtained from the RBS WorldPay computer network.

(j)   On or about November 8, 2008, Defendants PLESHCHUK and TŠURIKOV accessed without authorization the RBS WorldPay computer network located in the Northern District of Georgia.

14

(k)  On or about November 8, 2008, Defendants PLESHCHUK and TŠURIKOV deleted and attempted to delete information from the RBS WorldPay computer network located in the Northern District of Georgia.

### COUNT TWELVE
### (Computer Intrusion Causing Damage)

10.  On or about November 8, 2008, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK and SERGEI TŠURIKOV, aided and abetted by each other, by Defendants HACKER 3, and OLEG COVELIN, and by others known and unknown to the Grand Jury, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage and attempted to cause damage without authorization to a protected computer, causing loss aggregating at least $5,000 in value to at least one person during a one-year period from a related course of conduct affecting a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), 1030(c)(4)(B), and 2.

### COUNT THIRTEEN
### (Computer Intrusion Obtaining Information)

11.  On or about November 6, 2008, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK and SERGEI TŠURIKOV, aided and abetted by Defendants HACKER 3 and OLEG

COVELIN, and by others known and unknown to the Grand Jury, intentionally accessed a computer without authorization, and thereby obtained information contained in a financial record of a financial institution, and of a card issuer as defined in 15 U.S.C. § 1602(n), and from a protected computer, and the offense being committed for purposes of commercial advantage and private financial gain, and in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States, specifically, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and wire fraud in violation of 18 U.S.C. § 1343, and the value of the information obtained exceeding $5,000, in violation of 18 U.S.C. §§ 1030(a)(2), 1030(c)(2)(B)(i), 1030(c)(2)(B)(ii), 1030(c)(2)(B)(iii), and 2.

## COUNT FOURTEEN
### (Computer Intrusion Furthering Fraud)

12.  On or about November 8, 2008, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK, SERGEI TŠURIKOV, and HACKER 3, aided and abetted by Defendant OLEG COVELIN and by others known and unknown to the Grand Jury, knowingly and with intent to defraud accessed a protected computer without authorization and by means of such conduct furthered the intended fraud and obtained value, specifically, prepaid payroll card numbers and PIN codes, and withdrawals from such prepaid payroll card accounts exceeding US$9 million, in violation of 18 U.S.C. §§

16

1030(a)(4), 1030(c)(3)(A), and 2.

### COUNT FIFTEEN
#### (Aggravated Identity Theft)

13.  On or about November 7, 2008, in the Northern District of Georgia and elsewhere, Defendants VIKTOR PLESHCHUK, SERGEI TŠURIKOV, and HACKER 3, aided and abetted by each other, by Defendant OLEG COVELIN, and by others known and unknown to the Grand Jury, during and in relation to the crime of wire fraud in violation of 18 U.S.C. § 1343, did knowingly transfer, possess, and use, without lawful authority, means of identification of other persons, that is, the Defendants knowingly transferred prepaid payroll card account numbers and associated PIN codes from the RBS WorldPay computer network located in the Northern District of Georgia, possessed the card account numbers and PIN codes, and transferred card account numbers and PIN codes to others for their use at ATM terminals, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c)(5), and 2.

### COUNT SIXTEEN
#### (Access Device Fraud)

14.  The allegation contained in paragraphs 2 through 4, and paragraph 9, are re-alleged and incorporated as if fully set forth in this paragraph.

15.  On or about November 8, 2008, Defendant SERGEI TŠURIKOV

distributed fraudulently obtained prepaid payroll card numbers and PIN codes to Defendant IGOR GRUDIJEV, who, in turn, distributed the information to Defendants RONALD TSOI, EVELIN TSOI, and MIHHAIL JEVGENOV in Estonia. Together, Defendants RONALD TSOI, EVELIN TSOI, and MIHHAIL JEVGENOV withdrew funds worth approximately US$289,000 from ATMs in Tallinn, Estonia. These transactions were debited on prepaid payroll card accounts on the RBS WorldPay computer system located in the Northern District of Georgia.

16. On or about November 8, 2008, in the Northern District of Georgia and elsewhere, Defendants RONALD TSOI, EVELIN TSOI, and MIHHAIL JEVGENOV, aided and abetted by Defendant IGOR GRUDIJEV and by others known and unknown to the Grand Jury, knowingly and with intent to defraud effected transactions with at least one access device issued to another person, that is prepaid payroll card account numbers and PIN codes which can be used, alone and in conjunction with another access device, to obtain money, goods, services, and other things of value, and that can be used to initiate a transfer of funds not originated solely by paper instrument, in order to receive payment and other things of value within a one year period the aggregate of value of which was at least $1,000, said offense affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii), and 2.

## **FORFEITURE**

17.   As a result of committing an offense as alleged within this Indictment, the Defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2) any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as the result of said offenses as alleged in this Indictment, including, but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense, of at least $9,477,146.67 million in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of

any other property of said defendant(s) up to the value of the forgettable property described above.

A _____ True _____ BILL

_____
FOREPERSON


SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

LAWRENCE R. SOMMERFELD
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 666936

KIMBERLY KIEFER PERETTI
SENIOR COUNSEL
U.S. DEPARTMENT OF JUSTICE

GERALD SACHS
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 415090

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Telephone 404-581-6000
Facsimile 404-581-6181